UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDON MIGUEL BUENO DIAZ,

                Plaintiff,

-against-

JOSEPH MERCURIO,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/9/2020_

19 Civ. 1319 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Edon Miguel Bueno Diaz, brings this action against Defendant, Joseph Mercurio, an agent of the United States Drug Enforcement Administration, alleging that Plaintiff suffered personal injuries when Defendant used excessive force in effecting Plaintiff's arrest in 2017. Compl. at 6–7,[1] ECF No. 1. On March 5, 2020, the Court granted in part and denied in part Defendant's motion to dismiss. *Bueno Diaz v. Mercurio*, 19 Civ. 1319, 2020 WL 1082482, at *9 (S.D.N.Y. Mar. 5, 2020). Now before the Court is Defendant's motion to dismiss this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Def. Ltr., ECF No. 23. For the reasons stated below, Defendant's motion is GRANTED to the extent that the complaint is DISMISSED without prejudice.

## BACKGROUND

    The Court presumes the parties' familiarity with the facts underlying the case, *see Bueno Diaz*, 2020 WL 1082482, at *1, and summarizes only the procedural history relevant for deciding Defendant's instant motion.

    On January 29, 2018, Plaintiff, at the time a pretrial detainee housed at the Metropolitan Correctional Center in Manhattan ("MCC"), delivered the instant complaint to MCC prison

---

[1] Citations to the complaint refer to the ECF page numbers.

authorities for mailing.  Compl. at 5, 7.  On May 23, 2018, Plaintiff's complaint was received and docketed by the Pro Se Office of the United States District Court for the Eastern District of New York.  *Id.* at 1.  On February 8, 2019, the Honorable LaShann DeArcy Hall directed the Clerk of Court to transfer the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  ECF No. 5 at 2.

On February 19, 2019, the action was assigned to this Court.  On June 24, 2019, Defendant filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6).  ECF No. 14.  Plaintiff did not file opposition papers.  On March 5, 2020, this Court granted dismissal of Plaintiff's claims under 42 U.S.C. § 1983 and against Defendant in his official capacity, but allowed Plaintiff's claim for damages pursuant to *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to proceed against Defendant in his individual capacity.  *Bueno Diaz*, 2020 WL 1082482, at *9.

Plaintiff, however, had been in the custody of the U.S. Immigration and Customs Enforcement ("ICE") since February 14, 2020, and was deported to the Dominican Republic on March 26, 2020.  Def. Ltr. at 2.  ICE does not maintain information relating to a deportee's whereabouts after deportation and Defendant has no current contact information for Plaintiff.  *Id*.  Plaintiff has not participated in this action since the filing of the complaint on May 23, 2018.

On June 5, 2020, Defendant filed the present motion to dismiss for failure to prosecute.  Def. Ltr.  Again, Plaintiff has not filed opposition papers.

## DISCUSSION

I.  <u>Legal Standard</u>

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action

2

or any claim against it." Fed. R. Civ. P. 41(b).  Under Rule 41(b), a plaintiff has an obligation to diligently prosecute his case.  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Although prejudice to defendants resulting from unreasonable delay may be presumed, in "cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Id.*

When imposed, the sanction of dismissal "operates as an adjudication upon the merits," but may be "without prejudice if so specified by the court imposing it."  *Lyell*, 682 F.2d at 43 (internal quotation marks and citation omitted); *see Reynel v. Barnhart*, No. 01 Civ. 6482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (granting dismissal without prejudice because of the plaintiff's *pro se* status).  "Such sanction must be determined in light of the full record of the case."  *Lyell*, 682 F.2d at 43 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)).

II.   Analysis

Dismissal without prejudice for failure to prosecute is appropriate here.  A district court contemplating dismissal of a plaintiff's action for failure to prosecute must weigh five factors: "1) the duration of the plaintiff's failure or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal."  *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

The totality of the factors supports dismissal without prejudice. The first factor, duration, weighs in favor of dismissal because Plaintiff has not appeared in this action for more than two years. *See Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("[A] delay of a matter of months can potentially warrant dismissal." (internal quotation marks and citation omitted)).

The second factor, notice, weighs in favor of dismissal, because the Court has given Plaintiff several notices regarding the potential for dismissal. *See* ECF No. 10 at 2 (informing Plaintiff that he must notify the Court in writing if his address changes and that the Court may dismiss the action if he fails to do so); *see also* ECF No. 7 at 2. These "meaningful, non-technical notice[s]" are sufficient in the context of a dismissal for failure to prosecute. *George v. City of New York*, No. 12 Civ. 6365, 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013).

The third factor, prejudice, is neutral. Although prejudice to a defendant resulting from unreasonable delay may be presumed, in "cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell*, 682 F.2d at 43. Here, Plaintiff's delay is "excusable" because he was deported from the United States on March 26, 2020. Def. Ltr. at 2. It would not be reasonable to expect Plaintiff to respond to a motion that he may not have received. *Cf. id.* at 2.

The fourth and fifth factors, concerning the balance of interests and efficacy of dismissal, weigh in favor of dismissal. Because Plaintiff has been deported and his whereabouts and contact information are unknown, *id.*, it is in the best interest of all parties to dismiss the action without prejudice. *See Lyell*, 682 F.2d at 43 (dismissal under Rule 41(b) can be granted "without prejudice if so specified by the court imposing it"); *Reynel*, 2002 WL 2022429, at *1 (granting dismissal for failure to prosecute without prejudice because of the plaintiff's *pro se* status).

Granting dismissal without prejudice allows the Government and the Court to focus resources on other important matters, and allows Plaintiff to resume his litigation if circumstances permit. The Second Circuit has cautioned in the context of Rule 41(b) that "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation . . . ."); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (noting that the right to self-representation "should not be impaired by harsh application of technical rules"). The motion to dismiss for failure to prosecute must be determined by the "full record of the case." *Lyell*, 682 F.2d at 43. In light of Plaintiff's circumstances—including his *pro se* status, frequently changing custody, and deportation—dismissal without prejudice is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion dismiss is GRANTED to the extent that the complaint is DISMISSED without prejudice.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 9, 2020
  New York, New York

_____
ANALISA TORRES
United States District Judge